# Overseers of the Poor of Kelly Township, Plffs. in Err., v. Overseers of the Poor of Gregg Township.

The payment of the expenses of a pauper unduly removed from one township to another, required by the statute to be made by the overseers of the poor of the township from which he has been removed to the overseers of

NOTE.—For costs and charges when removal of a pauper is ordered see note to Parker Twp.'s Appeal, 1 Sad. Rep. 160.

The court of quarter sessions has no jurisdiction to order payment of

the poor of the township unlawfully burdened with such expenses need not be made until "demand." There is no rule that the money must be demanded within the term of court during which the decree of removal is made.

(Decided May 17, 1886.)

Error to the Quarter Sessions of Union County to review a judgment ordering the payment of expenses incurred in the maintenance of a pauper. Affirmed.

Lucy Haines, a poor person, became a charge upon Kelly township, although it was alleged that she had never gained a settlement in that township. Upon petition an order was made removing her to Gregg township. The latter township appealed to the quarter sessions of Union county, where the decree of removal was reversed, and Kelly township was decreed to pay the costs. This decree was affirmed upon writ of error by the supreme court; and upon return of the writ Kelly township paid all costs that were decreed against it.

Subsequently, Gregg township obtained a rule to show cause why its bill of expenses in maintaining the pauper should not be paid.

The township of Kelly answered that under the act of June 13, 1836, § 20, it is directed that, in every appeal in a case of settlement, if the court shall determine, in favor of the appellant, that such person was unduly removed, they shall at the same session, on demand, award to such appellant so much money as shall appear to have been reasonably paid by the appellant towards the relief of such poor person, between the time of such undue removal and the determination of such appeal, with costs. The application or demand was not made at the same session, nor until after the township of Kelly had paid off all that was decreed against it.

The court allowed the bill of the overseers, which was excepted to and this writ taken.

---

charges in case of removal until there has been a demand and refusal to pay. Renovo v. Half-Moon, 78 Pa. 301. And such demand need not be made at the same term of court as that at which the removal was ordered. Williamsport v. Eldred Twp. 6 W. N. C. 188.

*J. Merrill Linn,* for plaintiffs in error.—The act of assembly provides a distinct and specific mode of decreeing against the party unsuccessful in taking out his order of removal. Purdon's Digest, 1347, § 45.

The demand is to be made at the session at which the appeal is determined in the court below. Walker Twp. v. West Buffalo Twp. 11 Pa. 95; Campbell v. Grooms, 101 Pa. 484. See Miller v. Gorman, 38 Pa. 309.

The quarter sessions has no power to order costs and charges, except under the statute; and if under the statute it must be pursued.

The claim can in no sense come before the court, except at the same session; and if the party do not make use of his remedy he cannot have the benefit of it.

*Dill & Beale,* for defendants in error.—In Perry County v. Chillisquaque Twp. 110 Pa. 153, 1 Cent. Rep. 401, 2 Atl. 528, Justice GREEN says:

"While it is true that an order for reasonable costs and charges may be made in the hearing of an appeal, still the right to review such an order, if it exists at all, which is very questionable, exists only in the circumstances in which the law confers it, to wit, as a part of the proceedings by appeal from order of removal."

The language quoted occurs in a case where no appeal had been taken from the order of removal, the pauper had been accepted and the writ of error was taken to the judgment fixing the liability for maintenance.

This court held that no writ of error was allowed by the act of 1867, and the writ of error was quashed. By parity of reasoning, after the question of liability for the support of the pauper has been finally determined, or the writ of error allowed by the act of March 16, 1868, another writ of error cannot be taken to the order of the court allowing reasonable costs and charges, unless it be plainly given by statute. It is not so given, and the writ of error in this case should be quashed.

The record fails to disclose the fact that any demand for the reasonable costs and charges which had been incurred in the sup-

port of the pauper had been made at the time the judgment was entered. The demand was made at the first opportunity when it could be ascertained definitely what the demand should be, and that was immediately after the affirmance of the judgment.

It would seem, therefore, to be imperative upon the court to award to the appellant, if the appeal be determined in their favor, the sums expended for relief at the same sessions, only on demand. But if no demand be then made, the right of recovery still remains; and, a demand being subsequently made, the court may still award the amount expended. Poor District v. Poor District, 16 W. N. C. 237; Williamsport v. Eldred Twp. 6 W. N. C. 188.

PER CURIAM:

This case is ruled and the correctness sustained by Poor District v. Poor District, 16 W. N. C. 237.

It is there held that force and effect must be given to the word "demand" specified in the statute; it need not necessarily be made at the term when the decree of undue removal was entered.

Judgment affirmed.